**FILED**

Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By pgraves at 12:28 pm, Jul 05, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: BARBARA R. BEST | ) | Chapter 13 Case |
| | ) | Number <u>07-60139</u> |
| Debtor | ) | |
| _____ | ) | |
| BARBARA R. BEST | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | Number <u>11-06015</u> |
| GMAC MORTGAGE LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## <u>OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT</u>

This matter is before me on motion for summary judgment ("Summary Judgment Motion" or "Motion") by Creditor/Defendant GMAC Mortgage LLC ("GMAC"), brought after the conclusion of discovery in this adversary proceeding to determine the validity, priority, or extent of a lien, whereby Debtor/Plaintiff Barbara R. Best seeks to void, or "strip off," GMAC's lien against the real property at 316 Denmark Street, Bulloch County, Statesboro, Georgia. Summary judgment is granted in favor of GMAC for the reasons that follow.

AO 72A

(Rev. 8/82)

## THE RECORD IN THE BANKRUPTCY CASE

The following facts are indisputably established by the record in the underlying chapter 13 case. See Fed. R. Evid. 201; First Am. Title Ins. Co. v. Nation (In re Nation), 352 B.R. 656 (Bankr. E.D. Tenn. 2006) (In ruling on summary judgment motions, bankruptcy court took judicial notice of facts that were indisputably established by the record in the debtor's chapter 13 case.).

Best filed her bankruptcy case on March 17, 2007. On Schedule D to her petition, she listed the following two liens on the house and lot at 316 Denmark Street, identified by Best as her residence: (1) a first lien of CitiFinancial in the amount of $17,506.99, of which $500 was shown as unsecured; and (2) a second lien of GMAC in the amount of $27,514.90, of which $500 was shown as unsecured. (Case Dkt. No. 1 at 11.)[1] Best listed the value of the home at $37,600.00 (Id. at 6, 10, 11.)

On the same day she filed her petition, Best also filed her chapter 13 plan ("Plan") on the official "Chapter 13 Plan and Motion" form approved in the Southern District of Georgia. (Case Dkt. No. 4.) The Plan provided for direct monthly payments to CitiFinancial. No payments, however, would be made to GMAC under the Plan's subparagraph 2(f):

---

[1] References to the chapter 13 case docket appear in the following format: "Case Dkt. No. ___." References to the adversary proceeding docket appear in the following format: "A.P. Dkt. No. ___."

2

(f) **Undersecured** Allowed Claims. Debtor moves to value the collateral **partially securing** the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

| CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| GMAC Mortgage | 2nd mortgage | 0.00 | 0.00 | 0.00 |

(Id. at 1 (emphasis added).) Paragraph 8 of the Plan, for "Other provisions," was left blank. (Id. at 2.) The Plan was confirmed without objection on May 7, 2007. (Case Dkt. No. 27.) Approximately five weeks later, on June 14, 2007, GMAC filed a notice of appearance and request for service of notice (Case Dkt. No. 30), the only filing GMAC has made in this case.

Approximately four years passed as Best continued making payments under the Plan.[2] Then, on August 25, 2011, Best filed this adversary proceeding. One week later, the chapter 13 Trustee issued a Notice to Debtor of Completion of Plan Payments (Case Dkt. No. 45), and approximately six weeks thereafter, a discharge order was entered (Case Dkt. No. 50). No payments were made to GMAC over the course of the Plan. (Chapter 13 Trustee's Final Report and Account, Case Dkt. No. 52 at 2.)

---

[2] The Plan was modified once after confirmation to reduce payments. (Case Dkt. No. 40.)

3

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure ("Civil Rules"), made applicable in adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") requires summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact that should be decided at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The movant may meet this burden by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof will not be able to meet that burden." Id. Such materials include "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in the record. Fed. R. Civ. P. 56(c)(1)(A).

Once the movant has shown an absence of evidence to support the nonmovant's case, the burden shifts to the nonmovant to point to other parts of the record to show that an issue of material fact does indeed exist. Clark, 929 F.2d at 607-08. Summary judgment must be entered in favor of the moving party when the nonmoving party "fails to make a showing sufficient to establish the existence of

4

AO 72A

(Rev. 8/82)

an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322. (1986).  On motion for summary judgment, all inferences drawn from the record must be viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Here, Best asserts that GMAC's lien is second in priority and wholly unsecured; that her Plan valued GMAC's claim in the amount of $0.00 and that the Plan is binding on the question of valuation; and that either confirmation of the Plan, completion of Plan payments, or the Debtor's discharge voided the lien under 11 U.S.C. § 506(d). As the party bringing the action to strip a lien, Best bears the burden of proof by a preponderance of the evidence. See Kent v. Bank of Thomson, No. 90-11183, 1991 WL 11002449, at *2 (Bankr. S.D. Ga. 1991).

As a matter of law, however, GMAC's lien was not stripped off at confirmation, completion of Plan payments, or discharge, as fully explained in the Conclusions of Law section below. Moreover, it cannot be stripped off through this adversary proceeding, because GMAC is correct that Best cannot present evidence at trial of an essential element of her case: proof that GMAC's lien is wholly unsecured. GMAC having met its movant's burden on an essential

5

element of Best's case, and Best having failed to make any showing in response, summary judgment must be granted in favor of GMAC.

## CONCLUSIONS OF LAW

Before reaching the merits of the Summary Judgment Motion, I first address whether Best should be held to the theory of the case as pleaded in her Complaint. The spirit of the Civil Rules and the Bankruptcy Rules is that cases should be decided on the merits. See Beaufort Concrete Co. v. Atlantic States Constr. Co., 352 F.2d 460, 462 (5th Cir. 1965) (noting "the liberal tenor of the Federal Rules"). In keeping with that spirit, I do not hold Best to the theory of the case as pleaded in her Complaint.

In the Complaint, Best averred that she brought this adversary proceeding "to have the Court determine pursuant to 11 U.S.C. Section 506(a) that the mortgage lien of Defendant GMAC Mortgage LLC . . . is wholly unsecured and to void the mortgage lien secur[ing] said secured claim." (A.P. Dkt. No. 1 ¶ 4.) Best did not assert that the lien had already been stripped as a result of the binding effect of confirmation until her Response to the Summary Judgment Motion. (See A.P. Dkt. No. 21 at 4-8.)

GMAC protested in its Reply that Best had (1) raised arguments that were neither set forth in the Complaint nor developed

6

in discovery, (2) relied on documents from her bankruptcy case that she did not produce during discovery, and (3) explicitly stated in her Response that the adversary proceeding was not necessary to strip off GMAC's lien. (A.P. Dkt. No. 22 at 2.) I will consider these arguments when I separately consider GMAC's request for attorney's fees under Rule 7008(b) of the Federal Rules of Bankruptcy Procedure.

For the purposes of the Motion, however, I construe Best's revised theory of the case as set forth in her Response as a motion to amend the pleadings filed out of time under Rule 15 of the Civil Rules, made applicable in adversary proceedings by Rule 7015 of the Bankruptcy Rules. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Sherman v. Hallbauer, 455 F.2d 1236 (5th Cir. 1972) (construing new legal theory advanced in response to motion for summary judgment as motion to amend pleadings filed out of time). The Complaint is therefore deemed amended to plead in the alternative that "[GMAC's] lien was determined to be wholly unsecured with a value of $0.00 upon the confirmation of Debtor's Plan," (A.P. Dkt. No. 21 at 5).

Turning now to the merits of the Motion, I first consider the sufficiency of GMAC's showing that Best cannot meet her burden of proof at trial under the theory of the case as she initially pleaded

7

it. Viewing all inferences in the light most favorable to Best, I conclude that GMAC has met its initial burden. I further conclude that when the burden shifted, Best failed to establish the existence of an element essential to her case and on which she would bear the burden of proof at trial.

### I. **Best Cannot Prove that GMAC's Lien is Wholly Unsecured.**

It is settled law in the Eleventh Circuit that a chapter 13 debtor may strip off a wholly unsecured junior lien against the debtor's residence without violating the antimodification provision of § 1322.[3] See Tanner v. FirstPlus Fin., Inc., 217 F.3d 1357 (11th Cir. 2000). To do so, however, the debtor must establish that a putatively secured lien is in fact wholly unsecured under § 506(a). In re Millspaugh, 302 B.R. 90, 96 (Bankr. D. Idaho 2003). The following two facts are required to establish that a junior lien is wholly unsecured: (1) the value of the secured property and (2) the amount due on the first mortgage. In re King, 290 B.R. 641, 648 (C.D. Ill. 2003).

Where, as here, the purportedly junior lienholder denies the allegation of a prior encumbrance (Ans. ¶ 8, A.P. Dkt. No. 6), the

---

[3] "[T]he plan may . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." 11 U.S.C. § 1322(b)(2).

debtor must in addition prove the validity of the allegedly superior lien, meaning its existence, and the priority of the senior lien, meaning its relationship to any other interest in the collateral, <u>King</u>, 290 B.R. at 648. Concerning the validity and priority of a senior lien, "[i]t is well settled that the filing and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in the property." <u>Ga. Primary Bank v. Atlanta Paving Inc.</u>, 711 S.E.2d 409, 411 (Ga. Ct. App. 2011). Accordingly, the proof required here to establish the validity and priority of CitiFinancial's allegedly superior lien, and thus proof that GMAC's lien is wholly unsecured, is a properly recorded deed to secure debt ("Security Deed") granted to CitiFinancial.

GMAC argues on summary judgment that Best has no admissible evidence of a properly recorded Security Deed. In support, GMAC submitted copies of the following documents:

- Best's responses to GMAC's request for admissions (A.P. Dkt. No. 17-5);

- Letter from Best's attorney, responding to a letter from GMAC's attorney concerning the sufficiency of Best's discovery responses (A.P. Dkt. No. 17-7);

AO 72A
(Rev. 8/82)

- Best's response to GMAC's request for production of documents (A.P. Dkt. No. 17-10).

These documents show that Best:

- "has no knowledge of that fact," when asked to admit that no security deed granted to CitiFinancial with respect to the property at 316 Denmark Street was ever of record with the Clerk of the Superior Court of Bulloch County, Georgia (A.P. Dkt. No. 17-4 ¶ 2; 17-5 ¶ 2);

- "has no knowledge of that fact," when asked to admit that there are no encumbrances of record on the property at 316 Denmark Street (A.P. Dkt. No. 17-4 ¶ 3; 17-5 ¶ 3);

- "has not done a title search," when asked to admit that there are no encumbrances of record on the property at 316 Denmark Street (A.P. Dkt. No. 17-4 ¶ 3; 17-5 ¶ 3);

- "does not know how to do a title search," in responding through her attorney to GMAC's letter concerning the sufficiency of her discovery responses (A.P. Dkt. No. 17-7);

10

AO 72A
(Rev. 8/82)

- produced to GMAC "all documents [Best] has in her possession" regarding this adversary proceeding (A.P. Dkt. No. 17-10);

- did not produce a copy of any Security Deed to CitiFinancial (Id.).

By submission of these documents, GMAC met its initial burden to show that Best cannot prove GMAC's lien is wholly unsecured under the theory of the case as pleaded in the Complaint. The burden then shifted to Best to show that she can prove this essential element of her case at trial.

Best not only failed to point to any part of the record to show she can prove GMAC's lien is wholly unsecured but also asserted that such proof was unnecessary: "Contrary to the assertions of the Defendant, the Debtor is not required to show that CitiFinancial has a perfected lien with an amount owed in excess of the value of the property." (A.P. Dkt. No. 21 at 5.) Best thus failed to carry her nonmovant's burden.

In addition to arguing that Best has no admissible evidence of a properly recorded Security Deed to CitiFinancial, GMAC argues that Best cannot produce any evidence as to the value of the real property and in support points to the record to show that Best

11

did not disclose any expert witnesses. This argument is without merit. Best herself may testify as to the value of the property. <u>See In re Petrella</u>, 230 B.R. 829 (Bankr. N.D. Ohio 1999) (Debtors' opinion testimony as to value of their home was admissible, but court accepted mortgagee's formal appraisal as more credible.). Notwithstanding the admissibility of Best's testimony, however, the value of the secured property is immaterial at this point, because GMAC has already established a failure of proof as to the validity and priority of a superior lien. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. 317, 323 (1986).

## II. Confirmation Was Not Binding on Valuation of GMAC's Claim, Because the Plan Did Not Provide Adequate Notice.

### A. Lien Stripping Through Plan Confirmation

As I have previously ruled, a secured claim based on a wholly unsecured junior lien on a debtor's residence may be valued at $0.00 under § 506(a) and treated as a general unsecured claim in a chapter 13 plan. <u>See</u> <u>W. Interstate Bancorp v. Edwards (In re Edwards)</u>, 245 B.R. 917 (Bankr. S.D. Ga. 2000). A creditor's objection to such treatment is properly heard at confirmation. <u>See</u> 11 U.S.C. § 506(a)(1) ("Such value shall be determined . . . in conjunction with

12

any hearing on such disposition or use **or on a plan** affecting such creditor's interest." (emphasis added)). I thus agree with the majority view that an adversary proceeding is not required. <u>See, e.g.</u>, <u>In re Scantling</u>, 465 B.R. 671 (Bankr. M.D. Fla. 2012); <u>In re Okosisi</u>, 451 B.R. 90 (Bankr. D. Nev. 2011); <u>In re Jennings</u>, 454 B.R. 252 (Bankr. N.D. Ga. 2011); <u>In re Pereira</u>, 394 B.R. 501 (Bankr. S.D. Cal. 2008); <u>In re Robert</u>, 313 B.R. 545 (Bankr. N.D.N.Y. 2004).

Provided there is adequate notice to the creditor, the lien is stripped off under the terms of the confirmed plan through § 506(d) by operation of § 506(a) with § 1322(b)(2), but is reinstated if the case is later dismissed. <u>See</u> 11 U.S.C. § 349(b)(1)(C) ("[A] dismissal of a case other than under section 742 of this title reinstates . . . any lien voided under 506(d) of this title."). Thus lien stripping is not permanently effective until closure of the case without dismissal. <u>See</u> <u>Fisette v. Keller (In re Fisette)</u>, 455 B.R. 177, 185 (B.A.P. 8th Cir. 2011) (holding strip off effective upon completion of debtor's obligations under plan); <u>Scantling</u>, 465 B.R. at 682 ("only appropriate to provide for a permanent lien avoidance if the debtor has fully performed under the plan"); <u>Okosisi</u>, 451 B.R. at 95 ("lien avoidance cannot be permanent until all plan payments are made").

13

### B. Finality and the Requirement of Notice.

Under the Bankruptcy Code,

> [t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

Best correctly notes in support of her alternative theory of the case that the finality of confirmation as codified in § 1327 and the principle of res judicata can make even an "illegal" provision binding in a confirmed chapter 13 plan. See United Student Aid Funds Inc. v. Espinosa, 130 S.Ct. 1367 (2010) (holding that bankruptcy court's legal error in confirming debtor's plan did not render its judgment void). Best relies on Espinosa to argue that confirmation of her Plan, in which she valued GMAC's claim at $0.00, rendered GMAC's lien unsecured; and that the confirmation order is a final judgment that is not subject to collateral attack here.

Recognizing the additional due process requirement of notice, Best cites Espinosa for the rule that "the finality of plan confirmation prevails as long as due process was achieved" (A.P. Dkt. No. 21 at 11). Best asserts that due process was achieved here through GMAC's actual notice of the provisions of the Plan, as shown by the notice of appearance that GMAC's attorney filed more than a

14

month after the Plan was confirmed and the fact that GMAC then did not seek relief from the order of confirmation or file any other motions or objections in the case.

Best is mistaken; the requirements of due process were not satisfied. The notice required to strip off a wholly unsecured lien through a chapter 13 plan includes two aspects: (1) Notice of the plan must be satisfactory under the circumstances and (2) the valuation provision in the plan must be "clear and unambiguous." Bennett v. Springleaf Fin. Servs. (In re Bennett), A.P. No. 11-3255, 2012 WL 113363, at *3 (Bankr. S.D. Ohio 2012) (citations omitted). Only the first aspect of notice was achieved here.

### 1. Notice of the Plan

The court may determine the value of a secured claim at the confirmation hearing only on notice specific enough to inform the holder of a secured claim that the confirmation hearing will serve as a valuation hearing under § 506(a) under the procedural requirements of Bankruptcy Rule 3012.[4] Green Tree Acceptance, Inc. v. Calvert (In re Calvert), 907 F.2d 1069, 1072 (11th Cir. 1990). "Mere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice

---

[4] "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim . . . ." Fed. R. Bankr. P. 3012.

AO 72A

(Rev. 8/82)

specifically directed at the security valuation process, does not satisfy [this] requirement . . . ." Id.

Here, the requirement of specific notice was satisfied by the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines ("Notice"), which was mailed to GMAC with a copy of the Plan. (Case Dkt. No. 16.) The Notice included the date, time, and location of the confirmation hearing as well as the following sentence: "Objections to Confirmation including Objections to Debtor(s) Motions to Avoid a Lien or Motions to Value Collateral, must be filed with the Clerk not later than fifteen (15) calendar days following the conclusion of the creditors' meeting." (Id. at 1.)

Best argues that the form "Chapter 13 Plan and Motion" functions as both a chapter 13 plan and a motion to value collateral under § 506(a). (A.P. Dkt. No. 21 at 9.) I agree. Further, the Notice was specific enough to inform GMAC that the confirmation hearing would serve as a valuation hearing under § 506(a).

2. The Valuation Provision in the Plan

To meet the "clear and unambiguous" standard for the valuation provision, the plan must "[1] clearly and accurate[ly] characterize the creditor's claim and [2] give the creditor an explanation of what the debtor proposes to do and the factual and

16

legal basis on which his proposal is based." <u>In re Millspaugh</u>, 302 B.R. 90, 99 (Bankr. D. Idaho 2003) (citing <u>In re King</u>, 290 B.R. 641, 649-50 (Bankr. C.D. Ill. 2003)). Any ambiguity in the plan is construed against the debtor. <u>Fawcett v. United States (In re Fawcett)</u>, 758 F.2d 588, 591 (11th Cir. 1985) ("[T]he debtor as draftsman of the plan has to pay the price if there is any ambiguity about the meaning of the terms of the plan."); <u>see also</u> <u>Turek v. Dehart (In re Turek)</u>, 346 B.R. 350, 355 (Bankr. M.D. Pa. 2006); <u>King</u>, 290 B.R. at 650.

Here, the valuation provision in the Plan is not clear and unambiguous. First, by listing GMAC's claim under the Plan's subparagraph 2(f), Best characterized the claim as "undersecured" and as "partially secur[ed]" by the real property. (Case Dkt. No. 4 ¶ 2(f).) This characterization conflicts with how Best says the claim was treated: "The debtor's plan effectively treated GMAC's claim as wholly unsecured." (A.P. Dkt. No. 21 at 10.) A wholly unsecured claim is not accurately described as "undersecured" or "partially secured." The Plan's characterization of GMAC's claim is thus inaccurate as a result of listing the claim under subparagraph 2(f) of the form Plan. GMAC's claim should properly have been listed under "other provisions" in Paragraph 8 of the Plan, which Best left blank.

17

Second, merely listing the valuation, interest rate, and monthly payment as "0.00" did not adequately explain to GMAC what Best proposed to do and the factual and legal basis for her proposal. According to the arguments Best has made at summary judgment, she intended the valuation provision in the Plan to strip off GMAC's lien and to provide for its claim as a general unsecured claim, based on the fact that the value of the real property and the amount due on a senior lien rendered GMAC's claim wholly unsecured under § 506(a) and § 1322(b)(2). This explanation would have met the "clear and unambiguous" standard, had Best provided this explanation under Paragraph 8 of the Plan.

"Although confirmed plans are res judicata to issues therein, the confirmed plan has no preclusive effect on issues that . . . were not sufficiently evidenced in a plan to provide adequate notice to the creditor." Enewally v. Wash. Mut. Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir. 2004). Here, the Plan did not provide adequate notice to GMAC as to the treatment of its claim and thus has no preclusive effect on the issue of whether the claim is wholly unsecured.

## CONCLUSION

GMAC has met its movant's burden on summary judgment to show

18

that Best cannot prove her case at trial. Moreover, Best has failed to make any showing that she can present evidence at trial of an essential element of her case: proof that GMAC's lien is wholly unsecured.

**IT IS THEREFORE ORDERED** that summary judgment is **GRANTED** in favor of GMAC; and

**FURTHER ORDERED** that any prepetition lien GMAC may have on the real property located at 316 Denmark Street, Bulloch County, Statesboro, Georgia, is not voided in the underlying bankruptcy case; and

**FURTHER ORDERED** that a hearing will be set to consider GMAC's request for attorney's fees under Rule 7008(b) of the Federal Rules of Bankruptcy Procedure.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of July, 2012.

19